IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY KNOTTS,

    Plaintiff,

  v.                                                           No. CV 11-213 WJ/LAM

STATE OF NEW MEXICO, et al.,

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on *Defendants' Motion to Dismiss and Memorandum of Law in Support (Doc. 9)*, filed April 12, 2011. Plaintiff filed a response on May 6, 2011 [*Doc. 12*], and Defendants filed a reply on May 12, 2011 [*Doc. 13*]. United States District Judge William P. Johnson referred the claims raised in Plaintiff's *Initiation of a Civil Action Seeking Damages and Judgement Against Defendants (Doc. 2)* (hereinafter "Complaint") to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that *Defendants' Motion to Dismiss and Memorandum of Law in Support (Doc. 9)* be **GRANTED**, and Plaintiff's claim be dismissed **without prejudice** as set forth below.

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

### *Plaintiff's Claim*

Plaintiff is proceeding *pro se* and *in forma pauperis*, and he initiated this case on March 8, 2011, by filing his Complaint. Plaintiff alleges in his Complaint that on November 11, 2010, Defendants revoked Plaintiff's parole because Plaintiff failed to report (apparently to his parole officer), from April 5, 2010 to September 11, 2010, a total of 159 days. [*Doc. 2* at 2]. Plaintiff states that, "although an absconder, [Plaintiff] was technically still on parole according to the New Mexico Department of Corrections," so Plaintiff contends that Defendants violated his constitutional rights by denying Plaintiff a credit of those 159 days to Plaintiff's sentence, and, instead, by adding the 159 days to his imprisonment time. *Id.* at 2-5. Plaintiff seeks damages from Defendants in the amount of $1,038,500. *Id.* at 7.

In their motion to dismiss, Defendants state that Plaintiff's claim is barred by the holding of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), because Plaintiff is challenging his sentence and such claims are the province of habeas corpus proceedings. [*Doc. 9* at 3]. In his response, Plaintiff states that he filed a habeas corpus petition in state court on January 11, 2011 ("Case No. CV2011-3"), but the state court has not yet ruled on his habeas petition. [*Doc. 12* at 1]. He further states that due to his upcoming release from confinement, any such ruling would come after Plaintiff's release, so Plaintiff filed this Section 1983 claim as his only remedy for damages. [*Doc. 12* at 1-2].

### *Legal Standards Under Rule 12(b)(6)*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the

court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2997). While the well-pled factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss, neither conclusory allegations nor legal conclusions disguised as factual allegations need be accepted as such. *See Bell Atlantic Corp.*, 550 U.S. at 555-56.

Because Plaintiff is proceeding *pro se*, the Court must review his pleadings liberally and hold them to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, *reh'g denied*, 405 U.S. 948 (1972). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this does not mean that the Court can or will "assume the role of advocate for the pro se litigant." *Id.*

### *Analysis*

In *Heck v. Humphrey*, the Supreme Court held that to maintain a claim for damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87 (footnote omitted). The Supreme Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. Consequently, "when a state prisoner seeks damages in a § 1983 suit, the

district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, Plaintiff's claim challenging the revocation of his parole necessarily implies the invalidity of his conviction or sentence because it "call[s] into question the fact or duration of [his] parole." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (citation omitted); *see also Mueller v. Wark*, No. 97-3348, 161 F.3d 18, 1998 WL 614464 at *1 (10th Cir. Sept. 8, 1998) (unpublished) (upholding district court's dismissal under *Heck* of the plaintiff's Section 1983 claims of error in parole revocation proceedings). While a claim "seeking injunctive or declaratory relief to correct constitutionally defective parole procedures" may go forward under Section 1983, Plaintiff does not make such a claim or ask for such relief in this case. *See Herrera v. Harkins*, 949 F.2d 1096, 1097-98 (10th Cir. 1991) ("When seeking injunctive or declaratory relief to correct constitutionally defective parole procedures, section 1983 remains available despite the prisoner's failure to exhaust state remedies," but "[t]o challenge a constitutional defect in an individual parole hearing, where the remedy lies in providing a new parole hearing, a prisoner must file a habeas petition.") The Court rejects Plaintiff's contention that this case should go forward because he has filed a state habeas petition regarding this claim, and he will likely be released from prison before that petition is ruled on, because, pursuant to the holding in *Heck*, in order to proceed with this claim, Plaintiff must show that his parole revocation has been set aside, and Plaintiff makes no such showing. *See Knotts v. Hatch*, D-818-CV-201100003, http://www2.nmcourts.gov/caselookup/app (site last checked September 7, 2011) (docket for Plaintiff's state habeas petition filed January 11, 2011, showing petition has not yet been ruled on). For these reasons, the Court finds that Plaintiff's claim is barred by the holding of *Heck* and should be dismissed without prejudice. *See Fottler v. United*

*States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that a dismissal of a Section 1983 claim under *Heck* should be without prejudice so that a plaintiff who overturns his conviction may then bring the Section 1983 action).

### *Conclusion*

In conclusion, even after accepting as true Plaintiff's allegations and drawing all reasonable inferences in favor of Plaintiff, the undersigned agrees with Defendants that Plaintiff's claim is barred by the holding in *Heck*. For this reason, the Court recommends that ***Defendants Defendants' Motion to Dismiss and Memorandum of Law in Support*** *(Doc. 9)* be granted and Plaintiff's case be dismissed without prejudice.

### **RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that ***Defendants' Motion to Dismiss and Memorandum of Law in Support*** *(Doc. 9)* be **GRANTED** and that Plaintiff's claim and this case be **DISMISSED without prejudice**.

_____
**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**